UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PLS FINANCIAL SERVICES, INC., an Illinois corporation, <br><br> PLS GROUP, INC., a Delaware corporation, and <br><br> THE PAYDAY LOAN STORE OF ILLINOIS, INC., an Illinois corporation, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission (FTC or Commission), pursuant to Section 16(a)(1) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 56(a)(1), for its Complaint alleges as follows:

1. Plaintiff brings this action under Sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 45(a), 53(b), and 56(a), and Section 621(a) of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s(a), to obtain monetary civil penalties and permanent injunctive and other equitable relief for Defendants' acts or practices in violation of (a) the rule regarding the Disposal of Consumer Report Information and Records (Disposal Rule), 16 C.F.R. Part 682, issued pursuant to Section 628 of the FCRA, 15 U.S.C. § 1681w, as added by Section 216 of the Fair and Accurate Credit Transactions Act of 2003 (FACT Act); (b)

the rule regarding the Standards for Safeguarding Customer Information (Safeguards Rule), 16 C.F.R. Part 314, issued pursuant to Title V, Subtitle A, of the Gramm-Leach-Bliley Act (GLB Act), 15 U.S.C. §§ 6801-6809; (c) Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); and (d) the rule regarding the Privacy of Consumer Financial Information (Privacy Rule), 16 C.F.R. Part 313, issued pursuant to Title V, Subtitle A, of the GLB Act, 15 U.S.C. §§ 6801-6809.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(a), 53(b), 56(a), and 1681s(a).

3. Venue is proper in this district under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

## DEFENDANTS

4. Defendant PLS Financial Services, Inc. (PLS), is an Illinois corporation with its principal place of business at 300 N. Elizabeth Street, 4th Floor, Chicago, Illinois 60607. At all times relevant to this Complaint, PLS has transacted business in this district. PLS is wholly owned by Defendant PLS Group, Inc. PLS's President is Robert Wolfberg and its Secretary/Treasurer is Daniel Wolfberg.

5. Defendant PLS Group, Inc. (Group), is a Delaware corporation with its principal place of business at 300 N. Elizabeth Street, 4th Floor, Chicago, Illinois 60607. Group was incorporated in or about March 2011, and at times relevant to this Complaint, Group has transacted business in this district. Group's President is Robert Wolfberg and its Secretary/Treasurer is Daniel Wolfberg. Together, Robert and Daniel Wolfberg own over 80% of Group.

6. Defendant The Payday Loan Store of Illinois, Inc. (PLS-Illinois), is an Illinois corporation with its principal place of business at 300 N. Elizabeth Street, 4th Floor, Chicago,

Illinois 60607. At all times relevant to this Complaint, PLS-Illinois has transacted business in this district. PLS-Illinois is wholly owned by Group. PLS-Illinois's President is Daniel Wolfberg and its Secretary/Treasurer is Robert Wolfberg.

7. In addition to PLS and PLS-Illinois, Group owns approximately two dozen corporations and other legal entities (Operating Companies) that in turn own retail stores known as PLS Loan Stores and PLS Check Cashers. PLS-Illinois is one such Operating Company. Before approximately March 2011, PLS and the Operating Companies, including PLS-Illinois, were owned in whole or in part by Robert and Daniel Wolfberg. Since approximately March 2011, PLS and the Operating Companies, including PLS-Illinois, have been wholly owned by Group.

8. Defendants PLS and PLS-Illinois, in connection with the other Operating Companies, have operated as a common enterprise while engaging in the unlawful acts and practices alleged below. PLS and PLS-Illinois have conducted the acts and practices described below through an affiliated group of companies that have common directors, officers, and office locations; centralized recordkeeping or other systems; and identical or substantially similar sales techniques. Because PLS and PLS-Illinois have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.

9. By virtue of its ownership of PLS and the Operating Companies, including PLS-Illinois, Defendant Group has had the ability to formulate, direct, control, and participate in, the acts and practices of PLS and PLS-Illinois. Defendant Group is jointly and severally liable for the conduct of PLS and PLS-Illinois because it has had and continues to have (a) the authority to control and direct the activities of PLS, PLS-Illinois, and the other Operating Companies, including the conduct relating to PLS Loan Stores and PLS Check Cashers alleged herein; and

(b) the authority and responsibility to prevent or correct the unlawful acts or practices alleged in this Complaint.

## COMMERCE

10. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

11. Group's Operating Companies own and operate over 300 PLS Loan Stores and PLS Check Cashers in at least nine states. PLS provides management services to PLS Loan Stores and PLS Check Cashers, and establishes the policies and procedures used by PLS Loan Stores and PLS Check Cashers to ensure the safe collection, handling, and disposal of sensitive consumer financial information. PLS also audits PLS Loan Stores and PLS Check Cashers to assess compliance with these policies and procedures.

12. Operating Companies using the name PLS Loan Store offer consumers a variety of products and services, including but not limited to payday loans, automobile title loans, short-term installment loans, debit cards, credit cards, and, in some instances, tax preparation services and assistance in obtaining loans from others. There are PLS Loan Stores in at least the following states: Alabama, Arizona, California, Illinois, Indiana, Mississippi, Texas, and Wisconsin.

13. Operating Companies using the name PLS Check Cashers offer consumers a variety of products and services, including but not limited to cell phones, phone cards, debit cards, rolled coins, stamps, transit passes, and money orders, as well as check cashing, notary, facsimile, ATM, copying, and coin machine services. There are PLS Check Cashers in at least the following states: Arizona, California, Illinois, Indiana, New York, Texas, and Wisconsin.

4

14. In the course of offering and selling products and services to consumers through PLS Loan Stores and/or PLS Check Cashers, Defendants collect and maintain, and/or are responsible for collecting and maintaining, sensitive consumer information concerning their customers, including but not limited to consumers' names, addresses, birthdates, telephone numbers, Social Security numbers, driver's license numbers, employment information, bank account information, and consumer reports, as defined in the FCRA.

15. In operating PLS Loan Stores, Defendants disseminated or caused to be disseminated to consumers written statements regarding their privacy and security policies and practices, including but not limited to a one page "Privacy Notice" which stated in part, "We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic information."

16. Contrary to these statements, Defendants, through their operation and management of PLS Loan Stores and PLS Check Cashers, engaged in a number of practices that, taken together, failed to provide reasonable and appropriate security for sensitive consumer information they collected, handled and/or maintained. Since at least January 2009, in connection with the operation and management of PLS Loan Stores and PLS Check Cashers, PLS and PLS-Illinois, and, later, Group, failed to implement policies and procedures in key areas, including the physical security of sensitive consumer information; the proper collection, handling, and disposal of sensitive consumer information; and employee training regarding such matters. In addition, Defendants failed to develop, implement, and maintain a comprehensive written information security program and failed to identify reasonably foreseeable internal and external risks to consumer information.

17. Defendants also engaged in acts and practices that, taken together, constitute failures to take reasonable measures to protect consumer reports, or information derived from

consumer reports, against unauthorized access or use in connection with their disposal. Among other things, Defendants failed to (a) implement and monitor policies and procedures requiring sensitive consumer information to be disposed of in a manner that ensures that the information cannot practicably be read or reconstructed; (b) ensure that employees assigned to collect or transport the information for disposal are qualified to do so and have received appropriate guidance or training; (c) alert such employees to the sensitive nature of the information, or instruct them to take precautions with respect to the information; and (d) oversee the collection and transport of the information for disposal, or otherwise confirm that the information is disposed of in a manner that ensures that the information cannot practicably be read or reconstructed.

18. As a result of the failures described above, intact documents containing consumers' personal information were found on multiple occasions in dumpsters near PLS Loan Stores and/or PLS Check Cashers, which were unsecured and easily accessible to the public. For example, in April 2010, boxes of documents were recovered from a dumpster near the Bolingbrook, Illinois, PLS Loan Store at 346/348 Bolingbrook Commons. In the same month, additional documents were retrieved from dumpsters located near the PLS Loan Stores and/or PLS Check Cashers locations at 4838 South Cicero, Chicago, Illinois; 628 West 14th Street, Chicago Heights, Illinois; and 1515 Western Avenue, Chicago Heights, Illinois. These documents contained nonpublic personal information, including customers' names, addresses, Social Security numbers, wage information, bank account information, cancelled checks, loan applications, loan agreements, receipts for loan payments, at least 29 consumer reports, and other sensitive consumer information that had been collected by PLS and PLS-Illinois.

19. In addition, from at least March 2009 to October 2010, PLS and PLS-Illinois frequently failed to ensure that its customers were provided with a privacy notice, as required by

the Privacy Rule, describing its information collection and sharing practices with respect to affiliated and non-affiliated third parties. PLS and PLS-Illinois required such privacy notices to be signed by customers and kept in files located in the relevant PLS Loan Store. Notwithstanding this policy, the files in many PLS Loan Stores had unsigned, outdated or missing privacy notices. PLS and PLS-Illinois were aware of these deficiencies and yet failed to take meaningful steps to correct them.

## VIOLATIONS OF THE DISPOSAL RULE

### COUNT I

20. Section 628(a) of the FCRA, 15 U.S.C. § 1681w(a), as added by Section 216 of the FACT Act, directs the Commission to prescribe regulations requiring "any person that maintains or otherwise possesses consumer information, or any compilation of consumer information, derived from consumer reports for a business purpose to properly dispose of any such information or compilation." Pursuant to this directive, the Commission promulgated the Disposal Rule, 16 C.F.R. § 682.1 *et seq.*, which took effect on June 1, 2005. The Disposal Rule requires any person that maintains or otherwise possesses consumer information derived from consumer reports for a business purpose to take reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal. 16 C.F.R. § 682.3.

21. Section 621 of the FCRA, 15 U.S.C. §1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

7

22. PLS and PLS-Illinois are "persons" as defined in the FCRA, 15 U.S.C. § 1681a(b), and the Disposal Rule, 16 C.F.R. § 682.1.

23. At all times relevant to this action, PLS and PLS-Illinois have maintained and possessed "consumer information" derived from "consumer reports," as defined in the FCRA, 15 U.S.C. § 1681a(d), and the Disposal Rule, 16 C.F.R. § 682.1(b), for a business purpose.

24. Through the acts and practices described in paragraphs 16 to 18, PLS and PLS-Illinois have failed to take reasonable measures to protect against unauthorized access to or use of consumer information in connection with its disposal, in violation of Section 628 of the FCRA, 15 U.S.C. § 1681w, and Section 682.3(a) of the Disposal Rule, 16 C.F.R. § 682.3(a).

25. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), PLS's and PLS-Illinois's violations of the FCRA and the Disposal Rule constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

26. The acts or practices described in paragraphs 16 to 18 constitute a pattern or practice of knowing violations, as set forth in Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A).

## VIOLATIONS OF THE SAFEGUARDS RULE

### COUNT II

27. The Safeguards Rule, which implements Section 501(b) of the GLB Act, 15 U.S.C. § 6801(b), was promulgated by the Commission on May 23, 2002, and became effective on May 23, 2003. The Rule requires financial institutions to protect the security, confidentiality, and integrity of customer information by developing a comprehensive written information security program containing reasonable administrative, technical, and physical safeguards, including safeguards used to access, collect, distribute, process, protect, store, use, transmit, dispose of, or otherwise handle customer information.

28. PLS and PLS-Illinois are "financial institutions," as defined in Section 509(3)(A) of the GLB Act, 15 U.S.C. § 6809(3)(A), and are subject to the requirements of the Safeguards Rule.

29. Through the acts and practices alleged in paragraph 16, PLS and PLS-Illinois failed to develop or implement reasonable administrative, technical, and physical safeguards to protect the security, confidentiality, and integrity of customer information, in violation of the Safeguards Rule. In addition, PLS and PLS-Illinois failed to identify reasonably foreseeable internal and external risks to customer information, and failed to develop, implement, or maintain a comprehensive written information security program, as required by the Rule, 16 C.F.R. Part 314.

## VIOLATIONS OF THE FTC ACT

## COUNT III

30. Through the means described in paragraph 15, Defendants represented, expressly or by implication, that they had implemented reasonable and appropriate measures to protect sensitive consumer information from unauthorized access.

31. In truth and in fact, as described in paragraphs 16 to 18, Defendants did not implement reasonable and appropriate measures to protect sensitive consumer information from unauthorized access. Therefore, the representations described in paragraph 30 were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE PRIVACY RULE

## COUNT IV

32. The Privacy Rule, which implements Sections 501-509 of the GLB Act, 15 U.S.C. §§ 6801-6809, was promulgated by the Commission on May 24, 2000, and became

effective on July 1, 2001. The Rule requires financial institutions to provide, no later than when a customer relationship arises and annually for the duration of that relationship, "a clear and conspicuous notice to customers that accurately reflects [the financial institution's] privacy policies and practices" including its security policies and practices. 16 C.F.R. §§ 313.4(a), 313.5(a)(1), and 313.6(a).

33. PLS and PLS-Illinois are "financial institutions," as defined in Section 509(3)(A) of the GLB Act, 15 U.S.C. § 6809(3)(A), and are subject to the requirements of the Privacy Rule.

34. As set forth in paragraph 19, at various times from at least March 2009 through October 2010, PLS and PLS-Illinois failed to ensure that their customers were provided with a copy of its privacy policy in violation of the Privacy Rule, 16 C.F.R. Part 313.

## CONSUMER INJURY

35. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of Section 5(a) of the FTC Act and of the Disposal, Safeguards, and Privacy Rules. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), as adjusted by 16 C.F.R. § 1.98(m), authorizes the Court to award monetary civil penalties of not more than $3,500 for each knowing violation of the FCRA that constitutes a pattern or practice of violations of the statute.

37. Each instance in which PLS and PLS-Illinois failed to comply with Section 628 of the FCRA, 15 U.S.C. § 1681w, and the Disposal Rule, 16 C.F.R. Part 682, constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A).

38. Under section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue injunctive and such other and further equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the GLB Act, and the FTC Act, to prevent and remedy any violation of any provision of law enforced by the Commission.

### PRAYER FOR INJUNCTIVE AND MONETARY RELIEF

WHEREFORE, Plaintiff, pursuant to Sections 5(a), 13(b) and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 56(a), and Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and the Court's own equitable powers, requests that the Court:

(1) Enter judgment against PLS and PLS-Illinois and in favor of Plaintiff on Counts I-IV;

(2) Enter judgment against Group and in favor of Plaintiff on Count III;

(3) Enter a permanent injunction to prevent future violations of the FCRA, the Disposal Rule, the GLB Act, the Safeguards Rule, the FTC Act, and the Privacy Rule;

(4) Award Plaintiff monetary civil penalties from PLS and PLS-Illinois for each violation of the FCRA alleged in the Complaint; and

(5) Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: October 17, 2012

OF COUNSEL:

JON MILLER STEIGER
Director, East Central Region

MARIA DEL MONACO
JONATHAN L. KESSLER
Attorneys
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114

Phone: (216) 263-3405 (Del Monaco)
Phone: (216) 263-3436 (Kessler)
Fax: (216) 263-3426
mdelmonaco@ftc.gov
jkessler@ftc.gov

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director

RICHARD GOLDBERG
Assistant Director
Consumer Protection Branch

By: _____
JOHN W. BURKE
Trial Attorney, Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC 20044
Phone: 202-353-2001
Fax: 202-514-8742
josh.burke@usdoj.gov

GARY S. SHAPIRO
Acting United States Attorney
Northern District of Illinois

THOMAS P. WALSH
Chief, Civil Division
Northern District of Illinois
219 South Dearborn, 5th Floor
Chicago, IL 60604
Phone: 312-353-5312
thomas.walsh2@usdoj.gov